UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WENDY DUNLEA | : |
| | : CIVIL ACTION NO. |
| v. | : 3:09-cv-2051(CFD) |
| | : |
| FEDERAL BUREAU OF PRISONS, et al. | : |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Wendy Dunlea ("Dunlea"), currently is confined at the Federal Correctional Institution in Danbury, Connecticut. She brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, to challenge the application of the Inmate Financial Responsibility Program. Petitioner names as respondents the Federal Bureau of Prisons, Regional Director J.L. Norwood, Former Warden D. Zickefoose and Case Manager D. Wattree. For the reasons that follow, the petition is denied.

**I.   Background**

Petitioner participated in the Inmate Financial Responsibility Program ("IFRP"), a voluntary program designed to encourage inmates to contribute toward payment of court-ordered financial obligations while they are incarcerated. Ms. Wattree, petitioner's case manager, included funds provided by petitioner's parents in determining her IFRP payment.

Petitioner's parents, *inter alia*, are victims of her crimes. When she complained that her victims should not be required to pay her restitution and asked that only her earnings, and not the money sent by her parents, be included in the IFRP evaluation, Wattree placed petitioner on IFRP "refusal status." As a result of this classification, she was transferred to the lowest level of housing, her commissary spending limit was

reduced to $25.00 per month and her wages were capped at $5.25 per month.

## II.     Discussion

An inmate's challenge to IFRP practices is correctly brought pursuant to 28 U.S.C. § 2241.  See U.S. v. Diggs, 578 F.3d 318, 319 (5th Cir. 2009).  Petitioner asserts three claims: (1) it is not fair that funds sent her by her parents, victims of her crime, are being used to pay her restitution; (2) other inmates in IFRP refusal status were treated differently; and (3) establishment of the IFRP payment amount is discretionary and does not take into account an allowance for living expenses.

As an initial matter, the court notes that petitioner's claims are based on her view that it is unfair for BOP to apply funds she receives from her parents, who are victims of her crime, toward restitution.  The court can discern no injury suffered by petitioner as a result of that BOP decision.  Any specific claim that money provided by her parents not be included in the calculation because they also are victims is properly brought by petitioner's parents.  Petitioner cannot assert a claim on their behalf.  See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (a person appearing pro se must assert a claim personal to him).

IFRP procedures are set forth in the Bureau of Prisons Policy Statement 5380.08.  See http://www.bop.gov/DataSource/execute/dsPolicyLoc (last visited Jan. 29, 2010).  Payments are made from institutional resources, such as inmate pay, or non-institutional resources, such as money provided by family members.  Not all inmate funds are considered available In determining the IFRP payment.  For example, $75.00 per month is excluded from monthly deposits to an inmate's trust account to fund a telephone account to enable the inmate to better maintain family communication.

The BOP has absolute discretion in determining how the IFRP will be applied to each inmate.  See U.S. v. Coffee, No. 1:08-CR-49, 2010 WL 148308, at *3 & n.2 (N.D. Ind. Jan. 13, 2010).  The inmate's unit manager has sole discretion to determine whether an inmate's IFRP payments are commensurate with her ability to pay.  This decision is made on a case-by-case basis.  See Policy Statement 5380.08 at 7-8, § 8(b).  If an inmate refuses to participate in IFRP, she suffers penalties such as changes in housing assignment and work restrictions.  See 28 C.F.R. § 545.11(d) (listing privileges denied to prisoners for refusing to participate in the IFRP).

Prisoners have no constitutional right to receive any of the benefits associated with participation in IFRP.  Although an inmate on IFRP refusal status is denied certain privileges, this denial does not result in the imposition of discipline that would infringe on a constitutionally protected interest.  The consequences of refusing to participate are reasonably related to the legitimate penological interest of rehabilitation.  Thus, petitioner has not suffered a violation of her constitutional rights as a result of her classification to IFRP refusal status.  See U.S. v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008) (in habeas petition challenging BOP determination of amount of IFRP payment, court held that penalty for refusing to participate did not infringe on any constitutionally protected liberty interest); Johnpoll v. Thornburgh, 898 F.2d 849, 850-51 (2d Cir. 1990) (holding that IFRP serves valid penological objective of rehabilitation and compelled participation does not violate constitutional rights); see also Duronio v. Gonzales, 293 Fed. Appx. 155, 157 (3d Cir. 2008) (holding penalty for refusing to participate in IFRP did not give rise to civil rights claim for violation of constitutional right).

The court concludes that requiring all incoming funds be available for consideration in calculating the IFRP payment amount is within BOP discretion and does not violate any of petitioner's constitutional rights.  Accordingly, petitioner's first and third claims challenging the IFRP program are denied.

Petitioner asserts an equal protection claim by her allegation that other inmates refusing to participate in IFRP were treated differently.  To prevail on an equal protection claim, petitioner must show that she was treated differently from other similarly situated individuals and the reason for the different treatment was based on "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injury a person.'" Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000) (quoting LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980)).  Petitioner alleges no facts in her petition supporting any improper motive.  Thus, her equal protection claim fails.

### III.    Conclusion

Dunlea's Petition for Writ of Habeas Corpus [**Dkt. #1**] is **DENIED**.  The court concludes that the petition does not present a question of substance for appellate review.  Accordingly, a certificate of appealability will not issue.  The court also concludes that any appeal from this order would not be taken in good faith.

The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 8th day of February 2010, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge